1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWIN JUSTICE,

                            Plaintiff,

    v.

KATHY DAVIES,

                            Defendant.

Case No. C22-5564-MJP-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff James Justice has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed Plaintiff's original complaint, his first and second amended complaints, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to allege a viable claim for relief.

## II.    DISCUSSION

Plaintiff is a patient at Western State Hospital ("the Hospital") in Lakewood, Washington.  He presented this action to the Court for filing on August 4, 2022.  *See* Dkt. 1.

REPORT AND RECOMMENDATION - 1

Plaintiff alleged in his original complaint that his patient rights, as guaranteed by state law, had been violated by his assignment to a restrictive housing unit at the Hospital where he was not permitted to wear his own clothes or to have his personal possessions with him.  Dkt. 4 at 4-5. Plaintiff claimed that he was at the Hospital on a 90-day civil commitment placement, pursuant to an Order of the Pierce County Superior Court, and that the Hospital was in contempt of that order because it had retained him in a "lockdown" unit.  *Id*. at 5.  Plaintiff also claimed that the restrictive placement violated his Eighth Amendment right to be free from cruel and unusual punishment.  *See id.* at 5-6.

Plaintiff attached to his complaint exhibits showing he had presented his complaints regarding his placement to the Hospital by placing calls to the Hospital's "Abuse/Neglect Line." Dkt. 4-1 at 3-5, 7.  Kathy Davies, the Hospital's Director of Patient Rights and Grievances, responded to Plaintiff's complaints, acknowledging that Plaintiff was committed pursuant to a 90-day civil commitment and advising that he would be transferred to the civil side of the Hospital when a bed became available.  *See id*.  Ms. Davies was the only Defendant identified by Plaintiff in his original complaint.  Dkt. 4 at 3.  Plaintiff requested damages, and he asked that Defendant "do something."  *Id*. at 9.

The Court screened Plaintiff's original complaint and deemed it deficient because Plaintiff had not alleged any viable claim for relief under § 1983 against the only Defendant named therein.  Thus, on September 12, 2022, this Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint.  Dkt. 5.  In that Order, the Court set forth the general pleading requirements for a civil action, and the specific standard applicable to claims asserted under § 1983.  *Id*. at 2-3.  The Court then explained that Plaintiff had not demonstrated Ms. Davies had personally participated in the violation of his

REPORT AND RECOMMENDATION - 2

federal constitutional rights. *Id*. at 3. The Court also explained that in order to proceed with this action, Plaintiff would have to identify the individual(s) responsible for his placement in the restrictive housing unit and allege clear and specific facts demonstrating that the named individual(s) personally participated in the violation of his federal constitutional rights. *Id*.

Plaintiff filed a timely amended complaint on October 7, 2022. Dkt. 6. Plaintiff asserted therein claims similar to those asserted in his original complaint and he once again identified Kathy Davies as the only Defendant in this action. *See id*. However, the amended complaint, which was submitted on the Court's standard form, was missing the last page which should have contained Plaintiff's request for relief and his signature. *See id*. Thus, on October 17, 2022, the Court issued an Order directing that Plaintiff submit the page missing from his amended complaint or, in the alternative, that he submit a new complaint containing all pages of the standard form. Dkt. 7. The Court explained that if Plaintiff chose to submit an entire new complaint, it would be deemed a complete substitute for his amended complaint. *Id*. at 2.

On October 31, 2022, Plaintiff submitted a second amended complaint to the Court for review. Dkt. 8. Plaintiff identified two additional Plaintiffs in his second amended complaint, fellow Hospital patients James Watkins and Victoria Pickett, and one additional Defendant, Dr. Charles Sutherland, the Hospital's Chief Executive Officer. *See id*. at 1-3. Plaintiff identified a new claim for relief in his second amended complaint as well, alleging that his First Amendment right to practice his religion had been violated. *Id*. at 4-5. Plaintiff also re-alleged in his second amended complaint his claim that his Eighth Amendment right to be free from cruel and unusual punishment had been violated by his placement in restrictive housing. *Id*. at 6-7

Though Plaintiff's First Amendment claim was not entirely clear, he appeared to complain that he was not permitted to wear religious clothes, or to possess religious articles such

REPORT AND RECOMMENDATION - 3

as a Rosary and a prayer rug.  Dkt. 8 at 4.  He also appeared to complain that the Hospital did not

permit patients to go to chapel and pray on the Sabbath.  *Id*. at 4-5.  The two proposed new

Plaintiffs also asserted claims under the First Amendment.  Mr. Watkins appeared to claim that

his religious rights were violated when he was not permitted to have a marriage ceremony

performed at the Hospital or to have access to chapel services for Christian prayer.  *Id*. at 5.  Ms.

Pruitt appeared to allege that she had been denied access to the chapel for purposes of prayer

and/or communion.  *Id*.

Plaintiff's Eighth Amendment claim related to his placement in a housing unit where

patients are locked-down twenty-three hours a day, and he appeared to again complain that the

90-day civil commitment order pursuant to which he was originally confined at the Hospital

required placement in a less restrictive housing unit.[1]  *See* Dkt. 8 at 6-7.  Mr. Watkins also

asserted that he was in restrictive housing and subject to twenty-three hour a day lockdown, and

he appeared to claim he should also have a less restrictive placement.  *Id*. at 6.

Plaintiff requested damages, and it appeared he may also be seeking declaratory relief,

though that part of his request for relief was unclear.  *See* Dkt. 8 at 9.

After reviewing Plaintiff's second amended complaint, this Court once again concluded

that Plaintiff had not stated any viable claim for relief.  Thus, on November 29, 2022, this Court

issued an Order declining to serve Plaintiff's second amended pleading and granting him leave to

file a third amended complaint correcting specified deficiencies.  Dkt. 9.  The deficiencies noted

by the Court were that: (1) the proposed new Plaintiffs had not met the filing fee requirement and

---

[1]  It is unclear whether Plaintiff was still in restrictive housing at the time he filed his second amended complaint.  Plaintiff submitted documentation with his amended pleading which suggested he may have been moved to less restrictive housing because he was by that time hospitalized pursuant to a voluntary admission rather than a court-ordered commitment.  *See* Dkt. 8 at 10.

REPORT AND RECOMMENDATION - 4

the facts alleged in the complaint were insufficient to demonstrate that they were properly joined as Plaintiffs in this action under Fed. R. Civ. P. 20(a)(1); and (2) Plaintiff Justice had not alleged sufficient facts demonstrating that either of the named Defendants had personally participated in the violation of his constitutional rights. *Id*. at 7-9.

Plaintiff was given thirty days to file a third amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended pleading, or to correct the deficiencies identified by the Court, the Court would recommend that this action be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). To date, Plaintiff has filed no third amended complaint. Because Plaintiff failed to state any viable claim for relief in his prior complaints, and because he has not filed a third amended complaint correcting the deficiencies previously identified by the Court, this action must be dismissed.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief under § 1983. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION - 5

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3, 2023**.

DATED this 10th day of January, 2023.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6